COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-05-424-CR

 

 

DEXTER C. VICKORY                                                           APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM CRIMINAL
DISTRICT COURT NO. 3 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

I. 
Introduction

Appellant Dexter C. Vickory complains in one
point that his due process rights were violated when his probation was revoked.  We affirm.

 

 








II. 
Factual and Procedural Background

Vickory entered an open plea of nolo
contendere to a charge of aggravated assault with a deadly weapon.  The trial court placed Vickory on community
supervision for a period of three years and deferred making a finding of guilt
or a deadly weapon finding.  Several
months later, the State filed a petition to proceed to adjudication because, it
alleged, Vickory had committed the offense of assault bodily injuryCfamily
member. 








At a hearing conducted on this charge, Vickory
entered a plea of Anot true.@  The State proceeded to call witness Diane St.
John, who testified that on August 8, 2005, she and Vickory, who were living
together and with whom she had lived off and on for the previous four years,
had a disagreement that led to violence. 
That evening, she testified, Vickory sent her to the liquor store to buy
cigarettes for him, but because it was a Sunday, the liquor store was
closed.  St. John took the money Vickory
had given her and instead bought groceries. 
When she returned home, Vickory was angry because St. John had spent his
money on something other than cigarettes and proceeded to take the groceries
and throw them in the yard and then locked St. John out of the house.  According to St. John, after half an hour or
so, Vickory let her back in the house, threw the groceries she had gathered up
into the trash, poured pans of grease onto the kitchen floor, and then told St.
John he would hurt her if she did not clean it up.

St. John then locked herself in the bedroom, but
Vickory threatened that he would kill her if she did not come out.  For the next few hours, Vickory would
alternately pass out on the couch and wake up and try to get St. John out of
the bedroom by firing a shot through the bedroom door, taking a hatchet to the
door, and trying to set a fire underneath the door.  Finally, when Vickory set the fire, St. John
came out of the bedroom, and Vickory hit her with his closed fist, causing her
pain.  To escape, St. John took a
baseball bat and broke out the bedroom window (which was screwed shut), crawled
out the window, and walked to a convenience store, where she called the police.

After hearing the evidence presented, the trial
court found that Vickory violated a condition of his supervision by committing
a new offense, adjudicated him guilty, and assessed his punishment at five
years=
confinement.

III. 
Facial Unconstitutionality 

In a single point, Vickory asserts that the Texas
deferred adjudication statute, article 42.12, section 5 of the Texas Code of
Criminal Procedure, is facially unconstitutional  because it denies his right to due process of
law.  

 

 








IV. 
Analysis

Vickory acknowledges that this exact argument has
been rejected by this court this year in Singhal v. State, No.
02-06-00221-CR, 2007 WL 866526, at *2 (Tex. App.CFort
Worth March 22, 2007, pet. filed) (mem. op.) (not designated for publication).  We decline to revisit our analysis of this
issue as set forth in Singhal and overrule Vickory=s sole
point. 

V. 
Conclusion

Having overruled Vickory=s sole
point, we affirm the trial court=s
judgment.

PER
CURIAM

 

PANEL F:    MCCOY,
GARDNER, and WALKER, JJ.

 

DO NOT PUBLISH

Tex.
R. App. P.
47.2(b)

 

DELIVERED: August 9, 2007











[1]See Tex.
R. App. P.
47.4.